IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FATIMA JEWETT, : | |
|     Plaintiff, : | |
| : | |
| v. : | Case No. 2:25-cv-05987-JDW |
| : | |
| J.B. HUNT : | |
| TRANSPORT SERVICE INC., et al., : | |
|     Defendants. : | |

**MEMORANDUM**

Fatima Jewett seeks to proceed *in forma pauperis* and to assert claims against her former employer J.B. Hunt Transport Service, Inc., and a supervisor there named Laurie Rider. I will dismiss her complaint but give her an opportunity to amend if she can show that she has exhausted her administrative remedies.

**I.     BACKGROUND**

J.B. Hunt hired Ms. Jewett as a truck driver on August 22, 2023. On April 24, 2025, she filed a charge of discrimination with the Equal Employment Opportunity Commission claiming gender discrimination. The EEOC Charge remains pending. On August 18, 2025, J.B. Hunt informed her that it had reassigned her from her normal dedicated run to a sleep over run, which was done in retaliation for having filed the EEOC charge.  On September 10, 2025, Ms. Jewett sued J.B. Hunt in state court claiming retaliatory treatment, intentional infliction of emotional distress, and conspiracy. The state court case remains pending.

On September 15, 2025, Ms. Rider informed Ms. Jewett that her employment was terminated because she had called out 16 times, even though she had complied with company policy on callouts by using accrued paid time off for each absence. Ms. Jewett asserts claims for "wrongful discharge" and a violation of the "Pennsylvania Whistle Blowing Act 43 P.S. § 1421 et seq."

## II.     LEGAL STANDARD

A plaintiff seeking leave to proceed *in forma pauperis* must establish that she is unable to pay for the costs of her suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, it must determine whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se,*, I construe her allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

**III.    ANALYSIS**

    **A.**    *In Forma Pauperis*

Ms. Jewett has completed the Court's standard form and attested under oath that her monthly expenses exceed her income and that she has no meaningful assets. I will therefore grant her leave to proceed *in forma pauperis*.

    **B.    Plausibiity Of Claims**

        **1.    Wrongful discharge**

Ms. Jewett asserts "wrongful discharge" and a violation of a Pennsylvania statute protecting whistleblowers.[1] Because Ms. Jewett invokes the Court's federal question jurisdiction, I construe her wrongful discharge claim as arising under the federal employment discrimination statutes. Title VII of the Civil Rights Act of 1964 ("Title VII") prohibits employment discrimination based on sex, among other protected characteristics. It also prohibits retaliation against an employee for filing a charge of discrimination. *See* 42 U.S.C. § 2000e–3(a).

Ms. Jewett fails to state a claim to relief because the face of her Complaint demonstrates that she has not exhausted her administrative remedies. Before filing a lawsuit under Title VII, a plaintiff must exhaust her administrative remedies by filing a

---

[1] It is not entirely clear what application the Pennsylvania Whistleblower Law has to Ms. Jewett's claims because she does not allege that she was employed by either a public entity or an entity funded by the government, which are the only entities to which the statute applies. *See Bailer v. Shipley Energy Co.*, 338 A.3d 1026, 1032 (Pa. Super. Ct. 2025).

charge with the EEOC and receiving a right-to-sue letter. *See* 42 U.S.C. § 2000e-5(e)(1). A Title VII plaintiff may then only bring claims that are within the scope of the initial administrative charge. *See Antol v. Perry*, 82 F.3d 1291, 1296 (3d Cir. 1996). To determine if a claim is administratively exhausted, the Court must look at whether the claims are "fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 163 (3d Cir. 2013) (quote omitted).

Ms. Jewett filed an EEOC charge on April 24, 2025, claiming gender discrimination, and the remains pending. I have no details about that charge. She claims to have then (a) suffered retaliation based on that EEOC charge in the form of a change in her work duties on August 18, 2025; (b) filed a state-court lawsuit on September 10, 2025, based on that retaliation; and (c) had her employment terminated Hunt on September 15, 2025, in retaliation for filing the lawsuit. At no point does Ms. Jewett assert that she amended or supplemented her EEOC charge to include the events of August and September, or that she filed new charges about those events, yet she brings this action apparently on the basis of her termination in September. According to the factual allegations in the Complaint, Ms. Jewett has failed to exhaust her administrative remedies. However, the failure to exhaust her claims with the EEOC is a curable defect, so I will grant Ms. Jewett leave to amend her complaint to address this deficiency, should she intend to assert a claim under Title VII. *See Gooding v. Warner-Lambert Co.*, 744 F.2d 354, 358 (3d Cir. 1984).

### 2. State law claims

Ms. Jewett asserts that the Court may exercise supplemental jurisdiction over her state law claims pursuant to 28 U.S.C. § 1367. However, Ms. Jewett fails to state a claim to relief on any federal claims. So, pursuant to 28 U.S.C. § 1367(c), I will not exercise the Court's supplemental jurisdiction over any state law claims.

Nor is there an independent basis for the Court to exercise jurisdiction over those claims. 28 U.S.C. § 1332(a) grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." Section 1332(a) requires "complete diversity between all plaintiffs and all defendants, even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, no plaintiff may be a citizen of the same state as any defendant." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (cleaned up). An individual is a citizen of the state where she is domiciled, meaning the state where she is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). It is the plaintiff's burden to establish diversity of citizenship. *See Lincoln*, 800 F.3d at 105; Ms. Jewett states that she and Ms. Rider are both citizens of Pennsylvania. Therefore, there is not complete diversity of citizenship among the parties, and the Court lacks diversity jurisdiction over Ms. Jewett's state law claims.

### 3. Abstention

Ms. Jewett pleads that she filed a state court action on September 10, 2025, concerning J.B. Hunt's purportedly retaliatory change in her work duties. I have been unable to locate any public record of such an action, and Ms. Jewett has not specified the court in which she filed it or a docket number. If Ms. Jewett files an amended complaint, she should be mindful that "exceptional circumstances may permit the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration." *Gordon v. E. Goshen Twp.*, 592 F. Supp. 2d 828, 842-43 (E.D. Pa. 2009) (quoting *Colorado River Water Conserv. Dist. v. United States,* 424 U.S. 800, 818 (1976)). "There is no hard and fast rule for dismissals of this type," and "the decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist." *Id.* at 843 (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 15-16 (1983) (cleaned up)). However, among the factors courts consider in making such a decision are "avoidance of piecemeal litigation; [] the order in which the courts obtained jurisdiction; [] the forum with the substantive law that governs the merits of the litigation; and [] the adequacy of the state forum to protect the parties' rights." *Id.* (citations omitted). In deciding whether she intends to pursue her case in this Court by submitting an amended complaint, Ms. Jewett should carefully consider these principles.

## IV. CONCLUSION

I will dismiss Ms. Jewett's Complaint but give her leave to file an Amended Complaint if she can cure the problems that I've identified above. An order follows, which provides further information about amendment and voluntary dismissal.

               **BY THE COURT:**

               */s/ Joshua D. Wolson*
               **JOSHUA D. WOLSON, J.**

November 25, 2025