IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FATIMA JEWETT, | : | |
|    Plaintiff, | : | |
| | : | |
| v. | : | Case No. 2:25-cv-05987-JDW |
| | : | |
| J.B. HUNT | : | |
| TRANSPORT SERVICE INC., et al., | : | |
|    Defendants. | : | |

## MEMORANDUM

Fatima Jewett's amended complaint asserts a single state law claim against J.B. Hunt Transport Service, Inc. and Nicole McWilliams. Ms. Jewett and Ms. McWilliams are both from Pennsylvania, so this Court lacks jurisdiction over the claim. I will therefore dismiss the Amended Complaint.

## I.   FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY[1]

J.B. Hunt employed Ms. Jewett as a truck driver from August 22, 2023, until September 15, 2025. She claims that J.B. Hunt, through "actions, words, and/or written policies" made specific promises of "permanent" or "long-term" employment and that J.B. Hunt would not terminate her unless there was just cause or after specific disciplinary procedures. (ECF No. 7 at ¶¶ 9, 10.) Nonetheless, she was fired after 16 callouts.

---

[1] The facts set forth in this Memorandum are taken from Ms. Jewett's Amended Complaint (ECF No. 7). The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

Ms. Jewett filed this case on October 16, 2025. On November 25, 2025, I granted her leave to proceed *in forma pauperis* and dismissed her Complaint for two reasons: (1) she had not exhausted her administrative remedies with the Equal Employment Opportunity Commission for any claims arising under federal employment discrimination statues, such as Title VII of the Civil Rights Act of 1964; and (2) lack of subject matter jurisdiction. In particular, with respect to subject matter jurisdiction, I declined to exercise supplemental jurisdiction over any state law claims, and Ms. Jewett did not plead any other basis for the Court's jurisdiction over those claims. I also noted that, because the Complaint mentioned that Ms. Jewett had a pending lawsuit in state court about her employment, principles of abstention might advise against adjudicating her claims in this Court.

In her Amended Complaint, Ms. Jewett makes clear that she is not relying on the federal employment discrimination statutes. Instead, she asserts a single claim: breach of implied contract.

## II.     STANDARD OF REVIEW

Ms. Jewett was previously granted leave to proceed *in forma pauperis*, so I must determine whether her Amended Complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). I must determine whether the Amended Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se*, I construe her allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). I must also review the pleadings and dismiss the matter if I determine that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3)

## III.     DISCUSSION

Ms. Jewett's only cause of action is for breach of contract, which arises under state law. *See Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 398 (3d Cir. 2004), *as amended* (Dec. 23, 2004).     The only basis for jurisdiction over any state law claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." Section 1332(a) requires complete diversity between all plaintiffs and all defendants, meaning no plaintiff may be a citizen of the same state as any defendant. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015). An individual is a citizen of the state where she is domiciled, meaning the state where she is physically present and intends to remain. *See*

3

*Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). It is the plaintiff's burden to establish diversity of citizenship. *See Lincoln Ben Life*, 800 F.3d at 105.

Ms. Jewett is a citizen of Pennsylvania, and so is Nicole McWilliams, an individual who Ms. Jewett has added as a Defendant in the Amended Complaint. Therefore, there is not complete diversity of citizenship among the parties, meaning the Court lacks jurisdiction over Ms. Jewett's claim. I will therefore dismiss her claim. In addition, because Ms. Jewett has had two chances to establish jurisdiction, including one with my guidance as to the standards for diversity jurisdiction, I conclude that further amendment would be futile.

## IV. CONCLUSION

The Court does not have subject matter jurisdiction, so I will dismiss this case without prejudice. I express no opinion on the merits of Ms. Jewett's claims, and she can decide for herself whether to pursue them in state court. But I will not grant her leave to amend the Complaint because no amendment could cure the jurisdictional defect. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

January 23, 2026